## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRING OUR STREETCARS HOME INC.,** *et al*          **CIVIL ACTION**

**VERSUS**                                          **CASE NO. 15-60**

**UNITED STATES DEPARTMENT OF**                     **SECTION: "G"(3)**
**TRANSPORTATION,** *et al*

## ORDER

Pending before the Court is Defendants United States Department of Transportation ("DOT"), Federal Transit Administration ("FTA"), and Federal Emergency Management Agency's ("FEMA") (collectively, "Federal Defendants") "Motion to Dismiss."[1] Having considered the motion, the memoranda in support, the memorandum in opposition, the applicable law, and the record, the Court will deny the motion.

## I. Background

### A.     *Factual Background*

This litigation arises out of the proposed  restoration of a traditional streetcar line along North Rampart Street and St. Claude Avenue in New Orleans, Louisiana known as the Rampart Street rail spur ("the Rampart Spur").[2] The Complaint in this matter was filed on January 12, 2015 by Bring Our Streetcars Home, Inc., The People's Institute for Survival and Beyond, Inc., George Schmidt, Leo Boekbinder, Judy Filipich, Martha Owen, Melanie Owen, Justin Winston, Gordon Peter Wilson, Grayhawk Perkins, Larry Martin, Terri V. Bates, and Mercedes Whitecloud (collectively, "Plaintiffs").[3] Plaintiffs allege that the Regional Transit Authority of New Orleans

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 1 at pp. 7–8.

[3] *Id.* at p. 2.

("RTA") and Transdev Services, Inc. ("Transdev") (collectively, "Local Defendants") intend to excavate significant portions of the roadway and neutral ground along North Rampart Street, where "a wealth of historical treasures including ancient forts, city walls, culturally and religiously significant artifacts and grave sites are located and where street flooding complications will result."[4]

In their Complaint, Plaintiffs bring three causes of action. First, they allege that they have not been consulted about the Rampart Spur, in violation of section 106 of the National Historic Preservation Act ("NHPA").[5] Second, Plaintiffs allege that the DOT has not undertaken the consultation and coordination process required by section 4(f) the Department of Transportation Act of 1996 ("DOTA").[6] Third, Plaintiffs allege that the Federal Defendants have failed to issue an Environmental Impact Statement or consult with Native American tribes, as required by the National Environmental Policy Act ("NEPA") and related regulations.[7]

Plaintiffs request that this Court order: (1) DOT, FTA, and FEMA to "fully complete the historic preservation reviews of the Rampart Spur prescribed under 36 C.F.R. § 800;" (2) "DOT to implement the review process mandated by 23 U.S.C. § 138, 49 U.S.C. § 303 and DOT Order 5301.1"; and (3) DOT, FTA, and FEMA to "conduct the review mandated by the NEPA and issue, if appropriate, Environmental Impact Statements prescribed under 40 C.F.R. § 1502."[8] In their complaint, Plaintiffs also requested that the Court issue a temporary restraining order and preliminary and permanent injunctions, thereafter, enjoining Local Defendants from implementing

---

[4] *Id.* at p. 12.

[5] *Id.* (citing 16 U.S.C. § 470(w)(7)).

[6] *Id.* at pp. 13–14 (citing 23 C.F.R. § 774).

[7] *Id.* at pp. 14–16 (citing 42 U.S.C. § 4321; 40 C.F.R. 1501.2(d)(2); 40 C.F.R. 1508.18)).

[8] *Id.* at p. 17.

the Rampart Spur, "until such time as the requisite reviews under federal law are completed and corresponding reports [are] issued."[9]

## B.    *Procedural Background*

Plaintiffs filed the complaint in this matter on January 12, 2015.[10] The Court held a scheduling conference on January 15, 2015 and set the case for trial on March 16, 2015.[11] On January 16, 2015, after conducting a hearing on Plaintiffs' motion for a temporary restraining order, the Court denied the motion.[12] On January 17, 2015, Plaintiffs submitted a "Notice of Dismissal" of all claims against defendants RTA, Veolia Transportation Services, Inc., and Transdev pursuant to Federal Rule of Civil Procedure 41(a).[13] On February 10, 2015, the Court held a status conference and based upon the representations made by both parties, the Court continued the trial date.[14]

Federal Defendants filed the pending motion on June 12, 2015.[15] On July 1, 2015, Plaintiffs filed an *ex parte* motion to continue the submission date on the pending motion until July 22, 2015.[16] The Court granted the motion.[17] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the

---

[9] *Id.*

[10] Rec. Doc. 1.

[11] Rec. Doc. 23.

[12] Rec. Doc. 20.

[13] Rec. Doc. 21.

[14] Rec. Doc. 30.

[15] Rec. Doc. 34.

[16] Rec. Doc. 36.

[17] Rec. Doc. 37.

motion. Therefore, Plaintiffs' opposition was due by July 14, 2015. Plaintiffs filed their opposition

on July 20, 2015.[18] Federal Defendants, with leave of Court, filed a reply on July 23, 2015.[19]

## II. Parties' Arguments

### A.    *Federal Defendants' Arguments in Support of Their Motion to Dismiss*

Federal Defendants contend that Plaintiffs' complaint should be dismissed for lack of subject

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for

failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure

12(b)(6).[20]

### 1.    Use of Federal Grant Money by the DOT, FEMA, and the FTA

First, in providing a factual background to both motions, Federal Defendants contend that

although Plaintiffs allege that the New Orleans Regional Transit Authority ("NORTA") has used

or is using federal grant money from the DOT, FEMA, and the FTA, these allegations are not

accurate.[21] Federal Defendants assert that neither FEMA nor the DOT have provided any funding

for past or current projects along the Rampart Spur.[22] According to Federal Defendants, the FTA

awarded grant money to NORTA from 1998-2003 to fund various studies of the Desire Streetcar

project, which NORTA suspended in September 2005.[23] Federal Defendants contend that NORTA

--------

[18] Rec. Doc. 38.

[19] Rec. Doc. 42.

[20] Rec. Doc. 34.

[21] Rec. Doc. 34-1 at p. 2.

[22] *Id.*

[23] *Id.*

withdrew its request for federal funding for the Desire Streetcar project on March 11, 2011.[24] They contend that the FTA has not worked with NORTA on the Desire Streetcare project since 2002-2003, and that environmental and historic preservation reviews under NEPA and the NHPA for that project were terminated at that time.[25]

According to Federal Defendants, FEMA provided NORTA with funding for disaster-related damages after Hurricane Katrina to the Riverfront Streetcar Line and the Canal Street Streetcar Line, but not for the Desire Streetcar project or the current Rampart Spur project.[26] Moreover, they argue, the DOT has not funded the Rampart Spur or any projects related to the Rampart Spur.[27] Federal Defendants submit that NORTA applied to the DOT in September 2009 for $95,627,572 in "TIGER grant funds," and that on February 17, 2010, DOT awarded NORTA $45 million in TIGER funds to expand the streetcar along Loyola Avenue to the Union Passenger Terminal, not the Rampart Spur.[28] According to Federal Defendants, NORTA continued to request funds from the DOT for the Rampart Spur, but none of those proposals were selected by the DOT for TIGER funding.[29]

### 2. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Defendants contend that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) over any of Plaintiffs' claims because the federal

---

[24] *Id.*

[25] *Id.*

[26] *Id.* at pp. 2–3.

[27] *Id.* at p. 3.

[28] *Id.*

[29] *Id.*

government is not involved in the Rampart Spur project.[30] Federal Defendants argue that the Rampart Spur being constructed by NORTA "is not a major federal action or a federal undertaking" and, without federal involvement in the project, this Court cannot exercise jurisdiction over Plaintiffs' claims against Federal Defendants.[31]

Federal Defendants first contend that Plaintiffs' NEPA claim should be dismissed for lack of subject-matter jurisdiction.[32] According to Federal Defendants, NEPA requires that federal agencies consider the environmental consequences of "major Federal actions significantly affecting the quality of the human environment."[33] Federal Defendants contend that a "major Federal action" "encompasses not only actions by the federal government, but also actions by nonfederal actors 'with effects that may be major *and which are potentially subject to Federal control and responsibility*.'"[34]   Furthermore, Federal Defendants assert that "[t]he fact that the federal government has once participated in the development does not necessarily render that development forever federal, for purposes of subjecting it to NEPA."[35] Federal Defendants contend that the Rampart Spur is not a federally funded project and because Plaintiff has not demonstrated any involvement in the Rampart Spur by the Federal Defendants, Plaintiffs' NEPA claim should be dismissed for lack of subject matter jurisdiction.[36]

---

[30] *Id.* at p. 4.

[31] Rec. Doc. 34.

[32] Rec. Doc. 34-1 at p. 6.

[33] *Id.* at p. 5 (citing 42 U.S.C. § 4332(2)(C)).

[34] *Id.* at pp. 5–6 (citing 40 C.F.R § 1508.18 (1991) (emphasis added).

[35] *Id.* at p. 6 (citing *City of Boston v. Volpe*, 464 F.2d 254, 258 (1st Cir. 1972)).

[36] *Id.*

Next, Federal Defendants assert that the Court lacks subject matter jurisdiction over Plaintiffs' NHPA claim.[37] Federal Defendants contend that the NHPA "requires each federal agency to take responsibility for the impact that its activities may have upon historic resources . . . ."[38] According to Federal Defendants, the NHPA orders the government to take into account the effect any federal undertaking may have upon historic sites.[39] Federal Defendants assert that the "federal undertaking" requirement for NHPA to apply is similar to the "major federal action" requirement under NEPA.[40] Federal Defendants maintain that "the Federal Defendants' non-existent involvement in the current Rampart Spur project and the FTA's limited involvement in the Desire Streetcar project studies more than a decade ago do not constitute a federal undertaking under the NHPA."[41] Therefore, Federal Defendants aver, no "Section 106 review" is required under the NHPA and the Court lacks subject matter jurisdiction over Plaintiffs' NHPA claim against them.[42]

Federal Defendants also assert that the Court lacks subject matter jurisdiction over Plaintiffs' claim pursuant to Section 4(f) of the Department of Transportation Act of 1966.[43] Federal Defendants contend that Section 4(f) "bars federal approval of a transportation project that will use a public park, recreational area, or historic site unless there is no prudent and feasible alternative to

---

[37] *Id.* at p. 7.

[38] *Id.* (citing *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 224 (5th Cir. 2004)).

[39] *Id.* at pp. 6–7 (citing *Jackson*, 465 F.3d at 225).

[40] *Id.* at p. 7.

[41] *Id.*

[42] *Id.*

[43] *Id.* at pp. 7–8.

use such land, and the agency takes all measures to minimize the harm."[44] According to Federal Defendants, "[l]ike NEPA and the NHPA, Section 4(f) does not apply to locally-funded projects."[45] Accordingly, Federal Defendants assert that the same analysis regarding Plaintiffs' claims under NEPA and the NHPA apply to Plaintiffs' claim pursuant to Section 4(f).[46] Therefore, Federal Defendants assert that "the lack of involvement in the Rampart Spur by the Federal Defendants necessitates a finding that this Court lacks subject-matter jurisdiction over Plaintiffs' claim under Section 4(f)."[47]

### 3. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Federal Defendants assert, in the alternative, that Plaintiffs' claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[48] Federal Defendants contend that Plaintiffs' allegations do not rise above the "speculative level" and do not "create[] a suspicion of a legally cognizable right of action."[49] According to Federal Defendants, Plaintiffs "cannot point to, and have not pointed to, sufficient involvement by the Federal Defendants in the current Rampart Spur project to state a cause of action under NEPA, the NHPA, or Section 4(f)" and therefore, Plaintiffs' claims should be dismissed.[50]

---

[44] *Id.* at p. 7 (quoting *Riverfront Garden Dist. Ass'n v. City of New Orleans*, No. 00-544, 2000 WL 35801851, at *10 (E.D. La. Dec. 11, 2000) (Vance, C.J.)).

[45] *Id.* (citing *Riverfront Garden Dist. Ass'n*, 2000 WL 35801851, at *10).

[46] *Id.* at p. 8.

[47] *Id.*

[48] *Id.* at p. 9.

[49] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[50] *Id.*

### B.      Plaintiffs' Arguments in Opposition

Plaintiffs assert that Federal Defendants' motion to dismiss is a "de facto Motion for Summary Judgment under [Federal Rule of Civil Procedure] 56 in the guise of a motion for judgment on the pleadings and should be denied because formal discovery has not yet been completed."[51] Plaintiffs acknowledge that the Court may choose to treat Federal Defendants' motion as a motion for summary judgment; however, Plaintiffs assert that such a motion is not timely as there has been no discovery yet conducted in this case.[52] Plaintiffs contend that "[t]he question of Federal funding is at the heart of this case" and "[t]he affidavits provided by the Defense must be accompanied by a cross examination by the Plaintiffs."[53] Plaintiffs argue that "the Federal government is the exclusive custodian of the pertinent information" and therefore, the "motion to dismiss should not be granted unless and until formal discovery is completed."[54]

### C.      Federal Defendants' Arguments in Further Support of Their Motion

Federal Defendants assert that Plaintiffs ask the Court, without argument or citation to any authority, to convert the motion to dismiss into a motion for summary judgment.[55] Federal Defendants contend that the Court, in considering a motion to dismiss for lack of subject matter jurisdiction, may base its decision on facts outside the pleadings.[56] Furthermore, Federal Defendants assert, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is only converted

---

[51] Rec. Doc. 38 at p. 1.

[52] Id.

[53] Id. at p. 2.

[54] Id.

[55] Rec. Doc. 42 at p. 1.

[56] Id. (citing Willoughby v. United States ex rel. U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013)).

to a motion for summary judgment if the "matters outside the pleadings . . . [are] not excluded by the court."[57] According to Federal Defendants, the Court "only needs to reach the issue of conversion if it first determines that it has subject-matter jurisdiction under Rule 12(b)(1) and also that it requires the three attached affidavits to rule on the motion under Rule 12(b)(6)."[58]

Federal Defendants further argue that even if the Court converts the motion to a motion for summary judgment, the motion should be granted.[59] Federal Defendants assert that Plaintiffs' sole argument in opposition is that the Court should allow time for additional discovery pursuant to Federal Rule of Civil Procedure 56(d)(2).[60] Federal Defendants contend, first, that Plaintiffs failed to request relief pursuant to Rule 56(d) "by affidavit or declaration" and second, even if Plaintiffs had properly requested relief, they have not articulated a substantive basis for such relief.[61] Quoting the Fifth Circuit in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, Federal Defendants assert that "Rule 56 does not require that *any* discovery take place before summary judgment can be granted."[62] Federal Defendants also quote the Fifth Circuit in *Raby v. Livingston*, stating that "[Plaintiffs] may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. [] Rather, a request to stay summary judgment . . . must set forth a plausible basis for believing that specified facts . . . probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment

---

[57] *Id.* (citing Fed. R. Civ. P. 12(d)).

[58] *Id.* at pp. 1–2.

[59] *Id.* at p. 2.

[60] *Id.* (citing Rec. Doc. 38 at p. 2).

[61] *Id.*

[62] *Id.* (quoting 28 F.3d 1388, 1396 (5th Cir. 1994)).

motion."[63] Federal Defendants assert that Plaintiffs have not made any effort to describe with particularity what "specified facts . . . probably exist" that would create a genuine issue of material fact.[64] Therefore, Federal Defendants contend, even if the Court considers Federal Defendants' motion as a motion for summary judgment, the motion should be granted.[65]

## III. Law and Analysis

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

#### 1. Legal Standard

Federal courts have "limited jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[66] A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority at any time to hear and decide the dispute.[67] In fact, "[i]t is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court."[68] The party that invokes the court's jurisdiction bears the burden to allege with sufficient particularity the facts creating jurisdiction and to support the allegation if challenged.[69] Thus, "[t]he

---

[63] *Id.* (quoting 600 F.3d 552, 561 (5th Cir. 2010)).

[64] *Id.*

[65] *Id.* at pp. 2–3.

[66] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

[67] Fed. R. Civ. P. 12(h)(3).

[68] *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert denied*, 485 U.S. 1006 (1988)); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

[69] *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[70]

2.      **Analysis**

Federal Defendants move to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction on the grounds that the federal government is not involved in the "Rampart Spur" project and therefore there is no basis for the Court to exercise subject matter jurisdiction pursuant to NEPA, the NHPA, or Section 4(f) of the DOTA.[71] They further contend that even if the Court determines that it has jurisdiction, Plaintiffs have failed to state a claim upon which relief can be granted.[72] In opposition, Plaintiffs assert that the question of federal funding is at the heart of this case and that the motion to dismiss should not be granted "unless and until formal discovery is completed."[73]

The Fifth Circuit has instructed that "[w]hether a federal court has jurisdiction to decide a case and whether a plaintiff has a cause of action under a federal statute are distinct inquiries that must be addressed separately."[74] The Fifth Circuit has held that "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."[75] The United States Supreme Court has held that

---

[70] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[71] Rec. Doc. 34-1 at p. 4.

[72] *Id.* at p. 9.

[73] Rec. Doc. 38.

[74] *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985).

[75] *Id.* at 1347.

dismissal of a complaint on the ground of lack of subject matter jurisdiction when the complaint asserts a federal cause of action is justified only if the claim is "so attenuated and unsubstantial as to be absolutely devoid of merit" or "frivolous."[76] In order to merit dismissal, the fact that the claim is unsubstantial "must be very plain."[77] This Court's jurisdictional inquiry, therefore, is limited to observing whether the complaint seeks recovery under a federal statute or the Constitution.[78]

The Administrative Procedure Act provides an avenue through which private plaintiffs can obtain federal court review of the decisions of federal agencies.[79] In Plaintiffs' complaint, they assert that Federal Defendants are in violation of Section 106 of the NHPA, which Plaintiffs contend

> requires that federal agencies with direct or indirect jurisdiction over a federal, federally assisted or federally licensed undertaking afford the Advisory Council [on Historic Preservation, Tribal Historic Preservation Officer] and [State Historic Preservation Office] and certain interested and consulting parties (such as the Plaintiffs) a reasonable opportunity for comment on such undertakings that affect properties listed in or eligible for inclusion in the National Register [of Historic Places] prior to the relevant agency's approval of any such undertaking.[80]

Plaintiffs assert that they have not been consulted about the Rampart Spur and the process for Section 106 compliance under federal law has been ignored.[81] Plaintiffs also allege that the DOT has violated Section 4(f) of the Department of Transportation Act of 1966, pursuant to which, Plaintiffs allege, the Federal Highway Administration ("FHWA") and other DOT agencies "cannot approve the use of land from publicly owned parks, recreational areas or public and private historical sites

---

[76] *Baker v. Carr*, 369 U.S. 186, 199 (1962) (internal quotations and citations omitted).

[77] *Id.* (internal quotations and citations omitted)

[78] *Daigle*, 774 F.2d at 1347–48.

[79] *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 456 (5th Cir. 1989).

[80] Rec. Doc. 1 at p. 10.

[81] *Id.* at p. 12.

unless there is no feasible or prudent alternative to the use of land, and the action includes all possible planning to minimize harm, including street flooding, that might come as a result of the intended use."[82] Plaintiffs allege that the FHWA has not approved and cannot approve the Rampart Spur because the DOT has not met the requirements of Section 4(f).[83] Finally, Plaintiffs allege that Federal Defendants are in violation of federal law pursuant to NEPA because "[n]o recommendation or report has ever been made by the DOT, FTA, FEMA or FHWA evaluating the possible deleterious effects the Rampart Spur may have as required under NEPA."[84] Plaintiffs contend that federal funds are being used to pay for the construction projects at issue in this lawsuit.[85]

Federal Defendants, in their motion to dismiss for lack of subject matter jurisdiction, do not contend that Plaintiffs have failed to assert a claim pursuant to a federal statute; rather, they assert that the federal statutes do not apply in this case because the Rampart Spur is being completed without federal funding or any other federal involvement and therefore there is no basis for the Court to exercise subject matter jurisdiction pursuant to NEPA, the NHPA, or Section 4(f).[86] In support, Federal Defendants have attached affidavits from employees of FEMA and the FTA.[87] The Fifth Circuit has held that courts "should not render what is, in effect, a judgment on the merits of a claim in the name of a jurisdictional inquiry. Jurisdiction is to be based on the allegations of the

---

[82] *Id.* at p. 13.

[83] *Id.* at p. 14.

[84] *Id.* at p. 16.

[85] *Id.* at p. 6.

[86] Rec. Doc. 34-1 at p. 4.

[87] Rec. Docs. 34-2; 34-3; 34-4.

complaint."[88] Plaintiffs have alleged in their complaint that Federal Defendants are in violation of federal law, including the NHPA, NEPA, and Section 4(f) and that federal funds are being used to pay for the construction projects at issue in this lawsuit. Accordingly, the Court finds that the claims are not "so attenuated and unsubstantial as to be absolutely devoid of merit" or "frivolous" as to merit dismissal for lack of subject matter jurisdiction. Therefore, the Court denies Federal Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**B.** *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted*

### 1. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[89] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[90] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[91] "Factual allegations must be enough to raise a right to relief above the speculative level."[92] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[93]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and

---

[88] *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985).

[89] Fed. R. Civ. P. 12(b)(6).

[90] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[91] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[92] *Twombly*, 550 U.S. at 556.

[93] *Id.* at 570.

all facts pleaded are taken as true.[94] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[95] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[96] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[97] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[98] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[99] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[100] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[101]

It is well-established that, in deciding whether to grant a motion to dismiss pursuant to Rule

---

[94] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[95] *Iqbal*, 556 U.S. at 677–78.

[96] *Id.* at 679.

[97] *Id.* at 678.

[98] *Id.*

[99] *Id.*

[100] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[101] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

12(b)(6), a district court may not "go outside the complaint."[102] There is one recognized exception to that rule: a district court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the claim.[103] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[104] If, however, a district court considers other information outside the complaint, it must treat the motion to dismiss as a motion for summary judgment.[105]

## 2. Analysis

Federal Defendants contend that even if the Court finds that it does have jurisdiction to hear Plaintiffs' claims, Plaintiffs have failed to state a claim under NEPA, the NHPA, or Section 4(f) of the DOTA.[106] Federal Defendants assert that Plaintiffs' allegations do not rise above the "speculative level" and do not "create a suspicion of a legally cognizable right of action."[107] Federal Defendants contend that Plaintiffs "cannot point to, and have not pointed to, sufficient involvement by the Federal Defendants in their current Rampart Spur project to state a cause of action under NEPA, the NHPA, or Section 4(f)."[108] In opposition, Plaintiffs contend that Federal Defendants' motion is a "de

---

[102] *Rodriguez v. Rutter*, 310 F. App'x. 623, 626 (5th Cir. 2009); *Carter v. Target Corp.*, 541 F. App'x. 413, 416–17 (5th Cir. 2013).

[103] *Id.; see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[104] *Carter*, 541 F. App'x at 416.

[105] Fed. R. Civ. P. 12(d); *Rodriguez*, 310 F. App'x at 626.

[106] Rec. Doc. 34-1 at p. 9.

[107] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)).

[108] *Id.*

17

facto Motion for Summary Judgment . . . in the guise of a motion for judgment on the pleadings and should be denied because formal discovery has not been completed."[109]

As an initial matter, the Court notes that although Federal Defendants have attached exhibits to their motion to dismiss, these exhibits were not referred to in the complaint and therefore do not fall into the exception to the rule that a district court, in deciding a motion to dismiss, may not "go outside the complaint."[110] Therefore, the Court will not consider these exhibits in deciding Federal Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Although Federal Defendants assert that Plaintiffs' allegations are "speculative," they do not make any further argument regarding this point. The thrust of Federal Defendants' argument, therefore, appears to be the alleged lack of "sufficient involvement by the Federal Defendants in the current Rampart Spur project to state a cause of action under NEPA, the NHPA, or Section 4(f)."[111] The Court will address each of Plaintiffs' claims in turn.

### a.   NEPA

NEPA requires that federal agencies consider the environmental consequences of "major Federal actions significantly affecting the quality of the human environment."[112] "The requirements of NEPA, which include, among other things, the submission of an [Environmental Impact Statement], apply only when the federal government's involvement in a project is sufficient to

---

[109] Rec. Doc. 38 at p. 1.

[110] *See Rodriguez v. Rutter*, 310 F. App'x. 623, 626 (5th Cir. 2009); *Carter v. Target Corp.*, 541 F. App'x. 413, 416–17 (5th Cir. 2013).

[111] Rec. Doc. 34-1 at p. 9.

[112] 42 U.S.C. § 4332(2)(C).

constitute 'major Federal action.'"[113] However, there is no litmus test to determine what constitutes "major Federal action," nor have federal courts agreed on the amount of federal involvement necessary to trigger the applicability of NEPA.[114]

In Plaintiffs' complaint, they allege that in order to trigger the Environmental Impact Statement Requirement pursuant to Section 102 of NEPA, the Rampart Spurt must qualify as a major federal action pursuant to 40 C.F.R. § 1508.18, which is defined as including "projects and programs entirely or partly financed, assisted, conducted, regulated, or approved by federal agencies . . . ."[115] Plaintiffs allege in their complaint that between 1996 and 2000, the RTA began a study for a major transportation project for the restoration of a traditional streetcar line along North Rampart Street and St. Claude Avenue and that the study was funded by two federal grants administered by the DOT.[116] Plaintiffs allege that the initial study and subsequent studies "expressly included plans for the Rampart Street rail spur that is the subject matter of this lawsuit . . . ."[117] Furthermore, Plaintiffs allege that the RTA received another federal grant or used an unspent portion of the first two federal grants to conduct a study for the "Loyola Avenue line" and a "North Rampart Street/St. Claude Avenue line" which expressly included the Rampart Spur.[118] Plaintiffs also allege that the RTA plans for the Rampart Spur "also include the use of two surplus streetcars from the Canal Street

---

[113] *Save Barton Creek Ass'n v. Fed. Highway Admin.*, 950 F.2d 1129, 1133 (5th Cir. 1992).

[114] *Id.* at 1134 (quoting *Village of Los Ranchos de Albuquerque v. Barnhart*, 906 F.2d 1477, 1480 (10th Cir. 1990)).

[115] Rec. Doc. 1 at p. 16 (quoting 40 C.F.R. § 1508.18).

[116] *Id.* at p. 7.

[117] *Id.* at p. 8.

[118] *Id.*

19

line" that were built with funds provided by the FTA, the DOT or FEMA.[119]

In their motion to dismiss, Federal Defendants do not argue that Plaintiffs' allegations in their complaint are insufficient to constitute "major Federal action." Instead, Federal Defendants contest the factual bases of Plaintiffs' complaint, citing to the exhibits attached to their motion to dismiss and asserting that the Rampart Spur is not a federally funded project.[120] As noted above, the Court will not consider these exhibits in deciding the motion to dismiss. Accordingly, as Federal Defendants do not make any arguments regarding why Plaintiffs' allegations regarding the amount of federal involvement are insufficient as a matter of law to state a claim upon which relief can be granted, the Court denies Federal Defendants' motion to dismiss Plaintiffs' NEPA claim.

### b.    NHPA

The NHPA "requires each federal agency to take responsibility for the impact that its activities may have upon historic resources . . . ."[121] The Fifth Circuit has explained that Section 106 of the NHPA upholds the NHPA's objectives "neither by forbidding the destruction of historic sites nor by commanding their preservation, but instead by ordering the government to take into account the effect any federal undertaking might have on them."[122] Federal Defendants assert that the "federal undertaking" requirement for NHPA to apply is similar to the "major Federal action" requirement under NEPA.[123] Accordingly, for the reasons stated above, Federal Defendants have not demonstrated that Plaintiffs have failed to state a claim upon which relief can be granted. Therefore,

---

[119] *Id.*

[120] Rec. Doc. 34-1 at p. 6.

[121] *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 224 (5th Cir. 2006).

[122] *Id.* at 225 (quoting *United States v. 162.20 Acres of Land*, 639 F.2d 299, 302 (5th Cir. 1981)).

[123] Rec. Doc. 34-1 at p. 7.

the Court denies Federal Defendants' motion to dismiss Plaintiffs' claim under the NHPA.

### c.   Section 4(f) of the Department of Transportation Act of 1966[124]

Section 4(f) of the Department of Transportation Act of 1966 bars federal approval of a transportation project that will use a public park, recreational area, or historic site unless: "(1) there is no prudent and feasible alternative to using that land; and (2) the program or project includes all possible planning to minimize harm" to the area resulting from the use.[125] Federal Defendants, quoting another section of the Eastern District of Louisiana in *Riverfront Garden District Association, Inc. v. City of New Orleans*, assert that "[i]n order to sue [a federal agency] for its decisions under [] Section 4(f), plaintiff must identify a final agency action . . . ."[126] Also quoting *Riverfront Garden District Association, Inc.*, Federal Defendants assert that Section 4(f) does not apply to locally-funded projects.[127] Federal Defendants also cite a District of Columbia Circuit decision, *Macht v. Skinner*, asserting that an expenditure of federal funds for preliminary planning and environmental impact statements does not federalize a project under Section 4(f).[128] Again, Federal Defendants do not address the sufficiency of Plaintiffs' allegations; rather, they contest the extent of Federal Defendants' involvement in the Rampart Spur project. Accordingly, the Court

---

[124] Section 4(f), formerly at 49 U.S.C. § 1653(f), was repealed in 1983 when it was codified without substantive change as 49 U.S.C. § 303. *See also* 23 U.S.C. § 138. The policies section 4(f) engendered, however, are still widely referred to as "section 4(f) matters." *See e.g.*, 23 C.F.R. Part 771 (1991); therefore, the Court will also refer to these policies as "section 4(f)" for the purposes of simplicity.

[125] 49 U.S.C.A. § 303

[126] Rec. Doc. 34-1 at p. 8 (citing No. 00-544, 2000 WL 35801851, at *3 (E.D. La. Dec. 11, 2000) (Vance, J.)).

[127] *Id.* at p. 7 (citing 2000 WL 35801851 at *10).

[128] *Id.* (citing 916 F.2d 13, 15 n.3).

denies Federal Defendant's motion to dismiss Plaintiffs' Section 4(f) claim.[129]

### IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Federal Defendants' "Motion to Dismiss"[130] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 29th day of December, 2015.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[129] Both Federal Defendants and Plaintiffs discuss the possibility of the Court converting the motion to dismiss into a motion for summary judgment. Rec. Docs. 38; 42. However, as neither Federal Defendants nor Plaintiffs urge the Court to convert the motion to dismiss into a motion for summary judgment, and because the Court would be required to first give the parties notice if it chose to convert the motion, the Court will not address any arguments regarding a motion for summary judgment at this time.

[130] Rec. Doc. 34.